1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCAS LITOWITZ,

               Plaintiff,

    v.

BNSF RAILWAY COMPANY,

               Defendant.

No. C07-993MJP

ORDER DENYING TEMPORARY
RESTRAINING ORDER BUT
GRANTING PROTECTIVE ORDER

This matter comes before the Court on Plaintiff Litowitz's motion for a temporary restraining order. (Dkt. No. 6.) Defendant BNSF Railway Company ("BNSF") opposes the motion. (Dkt. No. 9.) Having considered Plaintiff's motion, Defendant's response, Plaintiff's reply (Dkt. No. 12), and all documents submitted in support thereof, having heard oral argument on the matter, and consistent with the oral ruling entered on July 3, 2007, the Court DENIES Plaintiff's request for a temporary restraining order but GRANTS Plaintiff a protective order.

**Background**

This case arises from Plaintiff's alleged on-the-job injury in June 2006. On February 2, 2007, Plaintiff informed Defendant BNSF by letter that Plaintiff had retained counsel in connection with his June 2006 injuries. (Frisinger Decl., Ex. 1.) Plaintiff's counsel advised BNSF that BNSF should not directly contact Plaintiff or any of his treating physicians without prior authorization. (Id.) On May 2 and May 25, 2007, BNSF sent letters directly to Plaintiff, without copying counsel, requesting that

ORDER - 1

1   Plaintiff provide BNSF with information regarding his medical condition. (Frisinger Decl., Exs. 2, 3.)

2   BNSF also sent letters on May 8 and June 1, 2007 to Plaintiff's counsel, requesting information about

3   Mr. Litowitz's medical status. (Id., Exs. 8, 9.)  On June 15, 2007, Plaintiff's attorney responded to the

4   letters that BNSF had sent to counsel. (Id., Ex. 4.)  Plaintiff's attorney agreed to forward to BNSF

5   Plaintiff's medical records from an upcoming doctor visit. (Id.)

6           On June 20, 2007, BNSF sent a letter to Mr. Litowitz, informing him of an investigation

7   scheduled on July 5, 2007, at which his attendance was required.  The letter stated that the

8   investigation would serve the following purpose:

9           [To] ascertain[] the facts and determining your responsibility, if any, in connection with
            your alleged failure to comply with instructions issued by BNSF Director of Administration
10          Ken Iverson on May 25, 2007 (letter attached) to either: Report for duty no later than June
            6, 2007, or provide information on your physician's letterhead or prescription form to
11          support your continued absence from duty.

12  (Frisinger Decl., Ex. 10.)  The parties agree that BNSF will not allow Plaintiff to be represented by

13  counsel at the July 5 investigation.

14          On June 26, 2007, Plaintiff filed a Federal Employers' Liability Act ("FELA") suit against

15  BNSF. (Dkt. No. 1.)  In his complaint, Plaintiff alleges that his injuries and the resulting damages came

16  as a direct result of the negligence of BNSF and its agents. (Id.)

17          On June 29, 2007, Plaintiff filed a motion for a temporary restraining order ("TRO")

18  requesting that the Court prevent Defendant from engaging in extra-judicial discovery that

19  contravenes the Federal Rules of Civil Procedure and Plaintiff's rights under the FELA.  Specifically,

20  Plaintiff requests that the Court prohibit BNSF from "requiring Plaintiff to appear, testify, and submit

21  to cross-examination at an internal railroad investigation, presently scheduled for July 5, 2007, or at

22  any time thereafter pending further order of this Court, or otherwise conducting any form of

23  examination or interrogation of Plaintiff outside the presence of his attorneys." (Dkt. No. 6-3,

24  Proposed Temporary Restraining Order.)  Defendant opposes the motion.

25

ORDER - 2

1                                    **Discussion**

2    **I.      Jurisdiction**

3          As a preliminary matter, BNSF argues that the Court does not have jurisdiction over its

4    internal investigation, which is being conducted pursuant to a collective bargaining agreement.  BNSF

5    cites numerous cases holding that Plaintiff's opposition to the investigation is the kind of "minor"

6    labor dispute under the Railway Labor Act ("RLA") over which federal and state courts have

7    extremely limited jurisdiction.  BNSF also cites numerous cases for the proposition that courts cannot

8    enjoin company proceedings under collective bargaining agreements.

9          But BNSF does not challenge this Court's jurisdiction over Plaintiff's FELA claim.  It is <u>that</u>

10   jurisdiction that gives the Court authority to control interactions between the parties that touch upon

11   the issues raised in Plaintiff's FELA suit.  The Court's stewardship of Plaintiff's FELA claim includes

12   supervision of all pretrial discovery.  <u>See</u> <u>Vicary v. Consolidated Rail Corp.</u>, 942 F. Supp. 1146 (N.D.

13   Ohio 1996).  Pretrial discovery in federal court is conducted pursuant to the Federal Rules of Civil

14   Procedure and in conformance with the Rules of Professional Conduct.  The Court has authority to

15   make sure that all parties to this litigation comply with the applicable federal and ethical rules.

16         BNSF seeks to investigate why Plaintiff did not respond to ex parte requests for medical

17   information.  That investigation necessarily relates to and involves issues underlying Plaintiff's FELA

18   claim, including his injuries and subsequent medical diagnosis and treatment.  The Court has

19   jurisdiction to control discovery of these matters and therefore has jurisdiction to entertain Plaintiff's

20   motion for protection from BNSF's investigation.

21   **II.     Protective Order**

22         Plaintiff has styled his motion as a motion for a temporary restraining order.  But because

23   Plaintiff has actually presented a discovery dispute, and not a dispute about Plaintiff's alleged work

24   injury, the Court treats Plaintiff's motion as a motion for a protective order under Fed. R. Civ. P.

25   26(c).  Under that rule, the Court may make any order "which justice requires to protect a party or

ORDER - 3

1   person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

2   26(c).

3          BNSF seeks extra-judicial discovery, discovery that would be obtained outside the legal

4   protections provided by the Federal Rules of Civil Procedure.  Plaintiff, as a FELA litigant in this

5   Court, is entitled to the protections of the federal rules.

6          For these reasons, the Court enters the following protective order:

7   1.     BNSF may not seek information from Plaintiff Litowitz regarding his FELA claim except

8          through the procedures outlined in the Federal Rules of Civil Procedure.

9   2.     BNSF may not contact Plaintiff except through counsel.  BNSF may not conduct any form of

10         examination or interrogation of Plaintiff outside the presence of his attorneys.

11  3.     BNSF may conduct its scheduled investigation, but may not have access to Plaintiff in doing

12         so.  Thus, BNSF may not require Plaintiff to appear, testify, or submit to cross-examination at

13         an internal railroad investigation, presently scheduled for July 5, 2007, or at any time

14         thereafter, during the pendency of this litigation.

## Conclusion

16         Plaintiff's motion for a temporary restraining order is DENIED.  Plaintiff's request for a

17  protective order is GRANTED.

18         The Clerk is directed to send copies of this order to all counsel of record.

19         Dated:   July 3rd, 2007.

20

21                                          Marsha J. Pechman
22                                          United States District Judge

23

24

25

ORDER - 4